IN THE UNITED STATES DISTRICT COURT
FOR THE WESTEN DIVISION OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-CV-282-GCM

FILED
CHARLOTTE, NC
JUL 27 2011
U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

| | |
|---|---|
| KIM PATRICK CATALANO and SALLIE CATALANO, | ) ) ) ) |
| Plaintiffs, | ) **PROTECTIVE ORDER** |
| v. | ) ) |
| TRICAM INDUSTRIES, INC. and HOME DEPOT U.S.A., INC., | ) ) ) |
| Defendants. | ) ) |

IT IS NOW, THEREFORE, HEREBY ORDERED, ADJUDGED AND DECREED that certain information, documents and materials obtained in discovery from the defendants are of a confidential and proprietary nature and shall be designated and protected as described in this ORDER.

IT IS ORDERED THAT:

1. <u>Definition of "Document"</u>. The term "Document" shall be used in its <u>broadest</u> <u>sense</u> to include all manner and form by which information is recorded or reproduced, including by way of illustration, and not by way of limitation, the following items: computer files; computer printouts; computer data and summaries; e-mails, photographs, videotapes; audiotapes; films; digital recordings; notes; correspondence; letters; written or recorded communications of any nature; telegrams; memoranda; notebooks of any character; summaries or records of telephone conversations; summaries or records of personal conversations; diaries; routing slips for memoranda; reports; publications; minutes or records of meetings; resolutions; reports or summaries

of interviews or investigations; agreements and contracts, including all modifications and revisions thereof; reports and summaries of negotiations; brochures; pamphlets; and drafts or revisions of documents.

2. <u>Subject Matter of this Protective Order</u>. The terms, "Protected Information" and "Protected Documents," are intended to refer to the information and documents which are subject to the limitations on dissemination contained in and the protections afforded by this ORDER.

3. <u>Protected Documents</u>. Protected Documents shall consist of the original and <u>all</u> copies, including the contents thereof, of those documents that meet the following criteria:

    a. Portions of depositions *and* documents which have or will be produced by a defendant in response to a pretrial discovery request from another party, <u>and</u>,

    b. Portions of depositions or documents which <u>either</u>:

        i. the parties have agreed to treat as Protected Documents; <u>or</u>

        ii. the Court determines that the portion of the deposition or the document is entitled to protection under Rule 26(c).

In addition, Protected Documents shall include any abstracts, summaries, or similar descriptive materials created or prepared from, or based upon, other Protected Documents. Protected Documents shall *not*, however, include privilege logs or other similar indices of Protected Documents.

4. <u>Protected Information</u>. Protected Information shall consist of that information which is contained exclusively in Protected Documents, and shall *not* include information obtained from other, unprotected sources or documents.

5. <u>Designation and Contesting of Protected Documents</u>. A defendant shall designate by appropriate markings any and all documents which it contends should be designated as Protected Documents under this ORDER. Counsel for the plaintiffs and for the defendants are required by this ORDER to consult and to determine which portions of depositions and documents they can agree should be treated as Protected Documents and which are contested. If a defendant contends that a document should be treated as a Protected Document and a plaintiff disagrees, the document shall nevertheless be treated as a Protected Document unless and until such time as the Court makes its own determination at the request of a party. If a party wishes to contest the designation of a document, then that party shall move the Court for a determination, and the defendant seeking protective status will have the burden of establishing that the document should be protected under Rule 26(c). If a party moves for a determination by the Court, the document will remain a Protected Document unless and until the Court determines and orders that the document is not entitled to protection under Rule 26(c).

6. <u>Marking of Protected Documents</u>. Protected Documents may only be marked as "CONFIDENTIAL", "PROTECTED BY COURT ORDER", or similarly descriptive language along the edges or borders of the documents. Such markings shall in no way cover the printed content of a Protected Document. Watermarks or other markings that interfere with the production of accurate and legible copies of the documents shall not be permitted. The inadvertent failure of a defendant to mark any

information, document or material pursuant to this ORDER, as "Confidential", shall not constitute a waiver of any otherwise valid claim for protection, so long as the claim is made within thirty (30) days of production of the discovery.

7. <u>Use and Disclosure of Protected Documents</u>. Unless and until this case is reached for trial, Protected Documents and Protected Information SHALL NOT be disclosed to any person other than the following "Qualified Persons." Protected Documents and Information shall be made available only to "Qualified Persons" and only under the terms and conditions of this ORDER. The persons described below in Paragraphs 7.a., 7.b., 7.c. and 7.d. are automatically deemed to be "Qualified Persons," and the persons described below in Paragraphs 7.e., 7.f. and 7.g. are deemed "Qualified Persons" only after they truthfully executed an Affidavit of Compliance with Protective Order, as set forth below:

    a. This Court, officers of this Court involved in this lawsuit, and court reporters and videographers involved in depositions taken in this case;

    b. Counsel of record for the parties to this lawsuit

    c. Those paralegals, legal assistants and law clerks who are employed by and assisting counsel of record during the pendency of this action;

    d. The officers, directors and employees of the defendants;

    e. The plaintiffs;

    f. Any expert or consultant who has been retained or specially employed by a party or by counsel to assist in this litigation of this matter; and,

    g. Any attorney who is a member in good standing with his or her state bar *and* who is pursuing or has pursued a personal injury or property

4

damage claim or lawsuit against one of the defendants based upon an allegation that an injury or death was a dangerous defect in, or negligent manufacture of, a ladder or step stool sold or manufactured by one of the defendants.

8. <u>Affidavits of Compliance with Protective Order</u>. Before giving access to any Protected Document or Protected Information, persons described above in 7.e, 7.f. and 7.g. shall be required to read this ORDER, shall be advised of its terms, and shall agree in writing to be bound by the terms of this ORDER by signing and executing before a notary public an Affidavit of Compliance with Protective Order, a copy of which is attached hereto and incorporated by reference as Exhibit A. Although this ORDER permits disclosure of Protected Documents and Protected Information to them, persons described in 7.e., 7.f. and 7.g. shall not be permitted to make copies of Protected Documents or their content. In addition, upon request, but no later than thirty (30) days following a final resolution of this action, persons listed in 7.e., 7.f. and 7.g. must promptly return all Protected Documents to the party from whom they received the Protective Documents.

9. <u>Identification of Qualified Persons</u>. Counsel for the parties will maintain, for in camera inspection by the Court, copies of all certifications signed by persons listed in 7.e., 7.f. and 7.g. pursuant to the provisions of the preceding paragraph <u>and</u> a list of all persons to whom any Protected Document or Protected Information has been provided or revealed.

10. <u>Court reporters and videographers</u>. Any court reporter or videographer reports, transcribes or records testimony in this action shall agree that all Protected Documents and Information designated as such under this ORDER shall remain

"confidential" and shall not be disclosed by them, except pursuant to the terms of this ORDER, and that any notes, transcriptions or recordings of such testimony (and any accompanying exhibits) will be delivered to counsel of record for the producing party.

11. <u>Use of Protected Documents and Information in This Lawsuit</u>. Except as otherwise may be provided in this ORDER, Protected Documents and Information shall be used solely for purposes of this litigation. Protected Documents and Information may only be used during depositions in accordance with the following safeguards. If Protected Documents and Information are used in depositions, such portions of the transcript of such depositions and exhibits thereto which contain and/or disclose such Protected Documents and Information shall themselves be considered as Protected Documents and Information. Counsel for the parties shall ensure that the court reporter binds the confidential portions of the transcript and exhibits separately and labels them in accordance with Paragraph 6 above. If a party makes known to the court reporter that Protected Documents and Information have been disclosed during a deposition, the court reporter shall include on the cover page the following indication: **"DEPOSITION CONTAINS CONFIDENTIAL INFORMATION - SUBJECT TO PROTECTIVE ORDER"**.

12. <u>Attendance at Depositions</u>. For any deposition in which Protected Documents or Information is to be discussed with the deponent, only Qualified Persons shall be permitted to be present. Nothing in the ORDER prejudices a party from seeking additional protections for depositions.

13. <u>Filing of Protected Documents under Seal</u>. If either a Protected Document or a document containing Protected Information is filed with the Court, the document must be filed in a sealed envelope or container. Any such sealed envelope or container

shall be endorsed with the title of this action, and a statement substantially in the following form:

"Filed Under Seal Pursuant To Protective Order."

The envelope or container shall not be opened by, or released to, without written stipulation of the parties or by Order of this Court. The clerk of court is hereby directed to maintain such Protected Documents and Information in a separate portion of the court files not available to the public.

14. <u>If Protected Documents Are Subpoenaed</u>. If counsel for any party to this ORDER should receive a subpoena or any other request for production of Protected Documents or Information that have been hereby under the terms of this Protective Order, that party's counsel shall within two (2) business days if the request is made with fewer than ten (10) business days for compliance, or shall within four (4) business days if the request is made with ten (10) or more business days for compliance, notify Defendant Tricam and the other parties to this ORDER in writing *and* via facsimile or e-mail. The subpoenaed party shall have the responsibility of obtaining relief from the subpoena, order or other request for production prior to the date for compliance and shall not produce the Protected Documents and Information without an Order of a Court of competent jurisdiction compelling production.

15. <u>Return of Protected Documents</u>. At the conclusion of the case, any and all work product of the plaintiffs' counsel, including working copies of Protected Documents (copies marked, in whole or in part, by the plaintiffs' counsel), may be retained by the plaintiffs' counsel and shall continue to be subject to the provisions of this ORDER. Except for such work product and working copies of the plaintiffs' counsel,

within sixty days of the conclusion of this case—either by final adjudication or by compromise settlement—ALL other copies of Protected Documents *must* be returned to Defendant Tricam. In returning Protected Documents at the conclusion of this case, counsel for the plaintiffs is responsible for the retrieving and returning *all* copies of Protected Documents from persons described in 7.e., 7.f. and 7.g.

16. <u>Amendments</u>. Nothing in this ORDER will prejudice any party from seeking amendments broadening or restricting the rights of access to, and the use of, Protected Documents and Information, or from contesting the designation of a Confidential Document or a Qualified Person. Any such amendment must be made by written stipulation of the parties or by Order of this Court.

17. <u>No Waiver</u>. It is acknowledged that the terms of the ORDER shall not be construed as a waiver of any other discovery objection properly within the scope of the Rules of Civil Procedure.

18. <u>Confidentiality at Trial</u>. Production and use of Protected Documents and Information at trial is the province of the presiding trial judge, and the terms of this ORDER do not control the production and use of Protected Documents and Information at trial.

19. <u>Enforcement</u>. Any person or entity who is shown to have made an unauthorized disclosure of information protected by this ORDER shall be subject to civil contempt, attorneys fees, actual damages caused by the disclosure, or any other penalties that may be imposed by a Court of competent jurisdiction, as justice requires. Compliance with the terms of this ORDER shall serve as compliance with any other pre-

existing obligation of confidentiality previously imposed upon any party by the North Carolina General Statutes and/or private agreement.

20. <u>Continuing Authority of the Court</u>. After the termination of this case, the provisions of this ORDER shall continue to be binding. This Court retains and shall have jurisdiction over the parties and recipients of the protected documents for the enforcement of the provisions of this ORDER.

21. <u>Disposition of Protected Materials</u>. The ultimate disposition of protected materials shall be subject to a final order of the Court upon completion of the litigation.

IT IS SO ORDERED, this the 27th day of July, 2011.

*Graham C. Mullen*
Hon. Graham C. Mullen
U.S. District Court Judge Presiding

| CONSENTED TO<br>FOR THE DEFENDANTS: | CONSENT TO<br>FOR THE PLAINTIFFS: |
|---|---|
| Charles J. Bridgemon<br>Dickie, McCamey & Chilcote, P.C.<br>2115 Rexford Road, Suite 210<br>Charlotte, North Carolina 28211<br>Telephone: (704) 998-5184<br>**Attorneys for the defendants** | Charles G. Monnett, III<br>Charles G. Monnett, III, and Assocs.<br>N.C. State Bar No. 11230<br>200 Queens Road, Suite 300<br>Post Office Box 37206<br>Charlotte, NC 28237<br><br>Jerome P. Trehy, Jr.<br>Twiggs, Beskind, Strickland<br>   & Rabenau, P.A.<br>150 Fayetteville Street, Suite 1100<br>Raleigh, NC 27601<br>Telephone: (919) 828-4357<br>**Attorneys for the plaintiffs** |

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTEN DIVISION OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-CV-282-GCM

KIM PATRICK CATALANO and SALLIE CATALANO,

    Plaintiffs,

v.

TRICAM INDUSTRIES, INC. and HOME DEPOT U.S.A., INC.,

    Defendants.

**AFFIDAVIT OF COMPLIANCE WITH PROTECTIVE ORDER**

I, _____, being first duly sworn, depose and state the following:

1. I certify that I have read the Protective Order dated _____ and entered in the above-captioned case before reviewing or receiving Protected Documents or Information subject to the provisions of this Protective Order.

2. I understand and agree that I am personally bound by and subject to all of the terms and provisions of the Protective Order. Specifically, I understand that I may not make copies of any Protected Documents or Protected Information, and I must return any and all copies of Protected Documents in accordance with the terms of the Protective Order.

3. I understand that the unauthorized disclosure of a document or information protected by the Protective Order may constitute breach of this Affidavit and

Agreement and may subject me both to the contempt powers of the federal courts, and to liability to one or more of the parties.

4. Upon request, but no later than thirty (30) days following a final resolution of this action, I agree promptly to return all documents or materials protected by the Protective Order to the person or entity from whom I received the documents or materials, and I will not retain copies of these documents or materials.

5. I subject myself to the jurisdiction and venue of said Court for purposes of enforcing this Affidavit and Agreement and the Protective Order.

_____

Sworn to and subscribed before me on
this the \_\_\_\_\_ day of _____, 20\_\_.

_____
Notary Public